IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   CR-1-02-120

JULIE ANNE ITALIANO,

    Defendant.

SUPERVISED RELEASE VIOLATION
SENTENCING MEMORANDUM AND JUDGMENT
ORDER

    The defendant was sentenced on February 4, 2002 for a violation of Title 21, Sections 846 and 841(a)(1) and (b)(1)( C) of the United States Code. The United States District Court for the Eastern District of Kentucky sentenced defendant to the custody of the Bureau of Prisons for **TWELVE (12) MONTHS AND ONE (1) DAY** and, following incarceration a term of Supervised Release of **THREE (3) YEARS** with the special conditions of participation in a substance abuse treatment program and submission to periodic drug and alcohol testing at the direction of the Probation Office. Additionally, she was ordered to comply with the standard terms and conditions of Supervised Release and pay a special assessment of $100.00. On August 16, 2002, jurisdiction was transferred to the United States District Court for the Southern District of Ohio. On December 1, 2003, the Court modified the conditions of supervised release to include a requirement that she complete 120 days in a community treatment center or halfway house.

    A Petition for Warrant or Summons for Offender Under Supervision was filed in this Court and a Summons issued. She was subsequently arrested on a warrant after she violated the conditions of her bond.

2

The defendant appeared with counsel, C. Ransom Hudson, Esq. before this Court for a Supervised Release Violation Hearing on December 15, 2005. The Court, being fully advised from the information contained in the Supervised Release Violation Report and statements made at said hearing, finds the defendant has violated:
1) the Condition of Supervised Release that defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; and
2) the Condition of Supervised Release that the defendant shall not illegally possess a controlled substance.

Pursuant to the policy statement at U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, or where the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. The violations are Grade C in nature pursuant to the policy statement at U.S.S.G. § 7B1.1(a)(3) because they are violations of conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke the sentence of supervised release or extend the term of supervised release and/ or modify the conditions of supervision.

Pursuant to Title 18, U.S.C. § 3583(g)(1), revocation is required if the defendant possessed a controlled substance.

Pursuant to the policy statement at U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade C violation and the original Criminal History Category of II, the guideline imprisonment range is 4 to 10 months.

3

Pursuant to the policy statement at § 7B1.3( c)(1), if the minimum term of imprisonment for a supervised release violation is not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for any portion of the minimum term.

Pursuant to Title 18, U.S.C. § 3553, among the factors to be considered in imposing sentence are:
1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    ( C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.

Based upon these factors and the statements and updated recommendations made during the hearing, the Court finds that a sentence within the range recommended by the Sentencing Guidelines is a reasonable sentence.

Pursuant to Title 18, U.S.C. §§ 3583 and 3553, therefore,

**IT IS ORDERED** that defendant Julie Anne Italiano's Supervised Release be **REVOKED** and the defendant be **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A PERIOD OF NINE (9) MONTHS** and shall serve a term of **SUPERVISED RELEASE OF ONE (1) YEAR** under the **following conditions:**

    (1) the defendant shall not commit another Federal, state or local crime;

4

(2) the defendant is prohibited from possessing a firearm or other dangerous weapon;

(3) the defendant shall not possess a controlled substance and shall abstain from the use of all intoxicants including alcohol; and

(4) the defendant shall participate in a substance abuse program which includes random drug testing at the direction of the Probation Office.

**THE DEFENDANT IS FURTHER ORDERED TO ABIDE BY THE FOLLOWING STANDARD CONDITIONS OF SUPERVISION FOR THE SOUTHERN DISTRICT OF OHIO:**

(1) the defendant shall not leave the judicial district without permission of the court or probation officer;

(2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) the defendant shall support his or her dependents and meet other family responsibilities;

(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

5

(7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

(9) the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) the defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The defendant is remanded to the custody of the United States Marshals.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on December 15, 2005. **Ten calendar days from the filing of the judgment is December 27, 2005.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior
United States District Judge

_____
12/15/05
Date

Certified as a true copy on

this date  12/15/05

By: _____
Deputy Clerk

RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____Defendant delivered on

_____ to _____

_____ at _____, with a certified

copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal